IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HUBERT J. FEE,                      )
                                    )
       Plaintiff,                   )
                                    )
v.                                  )        Case No. CIV-13-1107-W
                                    )
CAROLYN W. COLVIN,                  )
Commissioner, Social Security       )
Administration,                     )
                                    )
       Defendant.                   )

## REPORT AND RECOMMENDATION

Defendant Commissioner issued a final decision denying Hubert Fee's

(Plaintiff) application for disability insurance benefits under the Social

Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g).

United States District Judge Lee R. West referred this matter for proceedings

consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed. R. Civ. P. 72(b), and

it is now before the undersigned Magistrate Judge. The undersigned has

reviewed the pleadings, administrative record (AR), and parties' briefs, and

recommends that the court reverse and remand the Commissioner's decision.

## I.    Administrative proceedings.

Plaintiff received disability benefits based on an undisclosed disabling

impairment from 1992-2000.    Doc. 15, at 5.[1]    The Social Security

---

[1]    Page citations refer to the court's CM/ECF pagination.

Administration (SSA) terminated his benefits when he failed to appear at a continuing disability review. *Id.* Thereafter, Plaintiff filed an application for disability benefits alleging that his impairment became disabling in December 2003. *Id.* The SSA denied the application, and Plaintiff did not appeal. Doc. 13, at 5; AR 17. Finally, in July 2009, Plaintiff protectively filed applications for disability benefits and supplemental security income, alleging disability since December 2003. Doc. 15, at 5; AR 30, 67-70. The SSA approved the application for social security income, Doc. 15, at 5, but denied Plaintiff's claim for disability insurance. *Id.*; AR 39-41. At his request, an Administrative Law Judge (ALJ) conducted a hearing regarding the denied benefits. AR at 22-29.

In her July 2012 decision, the ALJ first denied Plaintiff's application seeking disability insurance benefits from December 1, 2003, to April 12, 2005, based on "administrative finality" because Plaintiff had not appealed that decision. *Id.* at 17. The ALJ then found that Plaintiff was not disabled anytime from April 13, 2005, to September 30, 2005, the date he was last insured. *Id.* at 17, 20-21.[2] The SSA Appeals Council declined Plaintiff's request for review, *id.* at 1-4, and Plaintiff now seeks review in this Court. Doc. 1.

---

[2]    In his final conclusion, the ALJ inadvertently stated that Plaintiff was not disabled from April 15, 2005, through September 30, 2005. AR 20. Elsewhere, the ALJ correctly stated that the relevant date is April 13, 2005.

## II.    Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520 (b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Because, in relevant part, Plaintiff sought only disability insurance benefits, he had to establish his disability prior to the expiration of his insurance status. *Miller v. Chater*, 99 F.3d 972, 975 (10th Cir. 1996). To that end, Plaintiff bore an initial burden of proving that sometime between April 13, 2005, to September 30, 2005, he had one or more severe impairments. *See* 20 C.F.R. § 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985).

## III.    Plaintiff's claims.

Plaintiff alleges that the ALJ committed reversible error in failing to consider and discuss significantly probative evidence in the record. Doc. 15, at 11-13. The undersigned agrees, and has therefore elected not to address Plaintiff's second claim. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant

3

because they may be affected by the ALJ's treatment of this case on remand.").

## IV.   Analysis.

### A.   Standard for review.

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010).  The ALJ's "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."  *Andrade*, 985 F.2d at 1047 (citation omitted).

### B.   The ALJ's relevant findings.

The ALJ found that Plaintiff last met the insured status requirement on September 30, 2005, and that from April 13, 2005, to September 30, 2005, "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." AR 19.

### C.   The ALJ's failure to consider significantly probative evidence.

It is widely understood that an ALJ may not pick and choose among the record, ignoring evidence that does not support her position. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007).  To that end, an ALJ *must*

consider all significantly probative evidence in the record. *See* 20 C.F.R. § 404.1520(a)(3).

Plaintiff's medical record includes evidence that in July 2001, he had an MRI which showed "[b]ilateral pars defect L5 compatible with spondylolysis with anterior subluxation of L5 on S1" and "[d]egenerative L5-S1 disc with acute posterior protrusion of the disc and focal herniation particularly into the left neuroforamina as witnessed by vacuum containing degenerative disc disease within the left neuroforamina." AR 149, 229. A second MRI in November 2003 confirmed the spondylolysis diagnosis. *Id.* at 174. The record also includes treatment notes pertaining to this condition, through at least October 2004. *Id.* at 148, 150-52, 154-68.

As noted above, Plaintiff was initially only required to prove that on or after April 13, 2005, but before September 30, 2005, he was suffering from a severe impairment which had lasted or could have been expected to last for a continuous period of not less than twelve months. Thus evidence existing as late as October 2004 − six months prior to Plaintiff's April 13, 2005 start date − is undeniably relevant.[3] However, the ALJ did not cite or discuss any of this evidence.

---

[3]    The undersigned makes no finding regarding whether the medical evidence from July 2001 to October 2004 will satisfy Plaintiff's burden. That is a question for the ALJ to consider on remand.

Plaintiff does not dispute the ALJ's denial of his application from December 1, 2003, to April 12, 2005, based on administrative finality. But the ALJ appears to have believed that this relieved her of the duty to consider medical evidence existing before April 13, 2005. It did not, and the undersigned recommends reversal on this ground. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (noting that even if medical evidence relates to previously adjudicated periods, it is "nevertheless relevant to the claimant's medical history and should be considered by the ALJ"); *Lowry v. Colvin*, No. CIV-13-43-L, 2014 WL 174469, at *1, *4 (W.D. Okla. Jan. 13, 2014) (unpublished order) (adopting magistrate judge's recommendation to reverse the Commissioner's decision where the plaintiff's alleged onset date was set based on the denial of a previous application and the ALJ failed to discuss medical evidence pre-dating that time; the magistrate judge admonished that on remand, "the ALJ should discuss all of the medical evidence including the medical evidence that does not support his findings").

## V.    **Recommendation and notice of right to object.**

For the reasons discussed above, the undersigned recommends that the court reverse and remand the Commissioner's decision.

The Court advises plaintiff of his right to object to this report and recommendation by the 28th day of September, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The Court further advises

plaintiff that failure to make timely objection to this report and recommendation waives his right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 8th day of September, 2014.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE